Mr. Ed Trainor, Staff Writer The Daily Citizen P.O. Box 1379 Searcy, AR 72143
Dear Mr. Trainor:
This is in response to your request for an opinion regarding disclosure of information relating to the employment of the former superintendent of Searcy Public Schools. Your request is made pursuant to the Arkansas Freedom of Information Act ("FOIA"), as amended by Section 1 of Act 49 of 1987, codified at Arkansas Code of 1987 Annotated 25-19-105 (Supp. 1987).
Specifically, you request access to the personnel files of the former superintendent, including evaluations completed by the Searcy Board of Education, as well as terms and stipulations of a contract settlement agreement. You state that the Board of Education has cited the potential invasion of privacy in denying your request, and that it denies that strong public interest compels disclosure of the information requested.
A.C.A. 25-19-105 states in pertinent part as follows:
 (a) Except as otherwise specifically provided by this section or by laws specifically enacted to provide otherwise, all public records shall be open to inspection and copying by any citizen of the State of Arkansas during the regular business hours of the custodian of the records.
 (b) It is the specific intent of this section that the following shall not be deemed to be made open to the public under the provisions of this chapter:
* * *
 (10) Personnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy.
Of additional relevance to your inquiry is A.C.A. 25-19-105(c)(1) which states:
 However, all employee evaluation or job performance records, including preliminary notes and other materials, shall be open to public inspection only upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure.
It is therefore clear that personnel records are generally exempt from disclosure only to the extent that disclosure would constitute a "clearly unwarranted invasion of personal privacy." (Employee evaluation or job performance records are discussed below.) There is no provision for a denial based upon the "potential" invasion of privacy, nor does the exemption extend to information of a non-personal nature. If the exempt information can be removed, it is to be censored and the record made available for inspection and copying.
This office has previously opined that judicial interpretation of the Federal Freedom of Information Act may be resorted to in determining what constitutes a "clearly unwarranted invasion of personal privacy." The federal courts have, as a general matter, narrowly construed the phrase "invasion of personal privacy." As noted by the author of one law review article, the courts have generally required that the information be some type of intimate detail or, restated, a "public disclosure of private facts." Watkins, 37 Ark. L. Rev. 741 at 789. I have enclosed a copy of Opinion No. 87-115, issued by this office on March 18, 1987, wherein reference is made to the types of information that have been exempted through interpretation.
While a blanket denial of the requested documents based upon the "personal privacy" exemption would not appear to be consistent with the FOIA, we do not have sufficient information to determine whether exempt information can be effectively removed and the documents released consistent with the Act. This determination must be made by the custodian of the records, bearing in mind the foregoing.
It should be noted, finally, that employee evaluation or job performance records are exempt from disclosure under25-19-105(c)(1) only until such time as they form a basis for the suspension or dismissal of an employee who has exhausted his administrative remedies, and if there is a compelling public interest in their disclosure.
It is my opinion that these provisions do not offer a basis for refusing to disclose a contract settlement agreement. While a determination with respect to the disclosure of evaluation records can only be made on a case by case basis, with an eye toward all of the facts involved, it may be successfully contended in this instance that there is a compelling public interest in disclosure of documents which formed a basis for and which reflect this employee's release from contract provisions. It must be recognized that the balance will tip in the favor of public disclosure. Laman v. McCord, 245 Ark. 401, 432 S.W.2d 753 (1968). And at least one federal court, in construing the federal FOIA, has mandated disclosure where the circumstances reflected a legitimate public interest in matters extending beyond the individual career of the public servant. Columbia Packing Co., Inc., v. U.S. Dept. of Agriculture, 563 F.2d 495 (1977). The facts outlined in your request appear to fall within these guidelines.
It should be noted, of course, that employee evaluation or job performance records are only subject to disclosure upon exhaustion of all administrative remedies.
In sum, it is my opinion that a blanket denial of all personnel records based upon a "potential" invasion of privacy is inconsistent with the Arkansas FOIA. The custodian of the records has an obligation to examine the records and excise exempt information. A contract settlement agreement is, in my opinion, subject to disclosure. A determination with respect to employee evaluation records must be made on a case by case basis. While the facts presented in this regard are not extensively developed, it is reasonable to conclude that the balance tips in favor of disclosure under the circumstances presented, assuming that all administrative procedures has been concluded.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.